IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VALENTÍN JIMÉNEZ,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL 05-1439 (CCC)
Cr. No. 03-142 (CCC)

**OPINION AND ORDER**

## I. INTRODUCTION

Petitioner Valentín Jiménez petitioners this Court for a writ of habeas corpus pursuant to 28 U.S.C. §2255. Petitioner, having pled guilty to conspiring to import cocaine, has requested relief from his judgment. He alleges ineffective assistance of counsel for counsel's alleged failure to request a downward departure due to conditions of presentence confinement. However, a downward departure was not contemplated in the plea agreement. For the reasons stated below, the Petition is DENIED.

## II. FACTUAL BACKGROUND

On May 21, 2004, petitioner Valentín Jiménez (hereinafter, referred to as "Petitioner" or "Petitioner Jiménez") was charged in a Two-Count Indictment with violations to 21 U.S.C. §841 and §963. Specifically, Petitioner Jiménez was charged for knowingly, intentionally, and unlawfully conspiring with others to possess with intent to distribute more than five (5) kilograms of cocaine (Count One) and attempting to import into the United States more than five (5) kilograms of cocaine (Count Two).

With the written consent of Petitioner, the change of plea hearing was held on February 5, 2004 before then Magistrate-Judge Aida Delgado-Colón. Petitioner pled guilty to Count Two pursuant to a plea agreement entered under the provisions of Rule (e)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

CIVIL 05-1439CCC                                                2

Petitioner Valentín admitted, as alleged by the government, that on or about April 2003, he participated in a conspiracy in which members of a drug trafficking organization in St. Maarten, Netherlands Antilles, intended to sell cocaine to an individual.  The purchaser of the cocaine (who was actually an undercover agent with the Bureau of Immigration and Customs Enforcement) had the use of a motor vessel and was to transport the cocaine to Puerto Rico for subsequent sale.  Specifically, on April 28, 2003, the undercover agent along with co-defendant José Mota-Polanco traveled to St. Maarten where, as previously agreed, the cocaine was to be delivered to the undercover agent.  Upon arriving in St. Marteen, co-defendant Mota-Polanco and the undercover agent met with Petitioner Jiménez and co-defendant Julio Anglón-Sánchez. Later that same day, Petitioner Jiménez and co-defendant Anglón were arrested by the Antillean authorities when they arrived at Lee's restaurant.  A search was conducted of Petitioner Jiménez's and co-defendant Anglon's possessions and five (5) kilograms (gross weight) of cocaine were found in a backpack.  The Antillean authorities tested the narcotics and determined it was cocaine.  Petitioner Jiménez's role in the conspiracy consisted of attempting to deliver the narcotics to the undercover agent in St. Marteen, Netherlands Antilles. Petitioner acknowledged that among the government's evidence were the testimonies of the undercover agent and law enforcement agents.  In the February 5, 2004 plea agreement the parties determined that the applicable sentencing base offense level ("BOL") would be that found under §2D1.1 which provided for a BOL of 30 (inasmuch as Petitioner was being held accountable for at least 3.5 kilograms but less than 5 kilograms of cocaine).  The plea agreement contained the following pertinent provisions that the parties had agreed to:

a.  a three (3) level adjustment is applicable, pursuant to §3E1.1 (a), provided defendant accepts responsibility for the offense charged;

b.  a further (3) level adjustment is warranted, pursuant to §3B1.2, inasmuch as defendant's role in the offense was between a minor and minimal participant; and

CIVIL 05-1439CCC                                              3

c.  should defendant meet all the requirements of the "safety valve" provisions pursuant to §5C1.2, an additional two (2) level adjustment is applicable.

Thus, the total adjustments will provide for an adjusted offense level (AOL) of 22. The parties did not stipulate defendant's criminal history category (CHC) which will be determined after considering the pre-sentence investigation report. Assuming a Criminal History Category (CHC) of "I," the applicable guideline range would be forty-one (41) to fifty-one (51) months of imprisonment. The government recommend a sentence at the lower end of the applicable guideline range. (Cr docket entry 80).

More importantly, the plea agreement provided the following clause: "Additional Guideline Adjustments or Departures. The parties agree that no other adjustments or departures are applicable in this case nor shall be sought by the parties." (Cr. docket entry 80).

The plea agreement was submitted and accepted by this Court and, in accordance therewith, Petitioner was sentenced on June 17, 2004, to a total term of 41 months of imprisonment followed by five years of supervised release.

Petitioner subsequently filed on April 25, 2005 a Petition pursuant to 28 U.S.C. §2255 seeking to vacate his sentence based on his contention that he was denied his Sixth Amendment right to receive effective assistance of counsel as protected by the United States Constitution. Specifically, Petitioner argued that "his attorney failed to seek a downward departure on the basis of conditions of confinement he suffered while incarcerated in St. Marteen [N.A.], awaiting extradition to the United States."

III. DISCUSSION

Here, Petitioner Jiménez' ineffective assistance of counsel claim focuses upon his attorney's alleged failure to seek a downward departure due to his conditions of pretrial detention at a prison located in St. Marteen, N.A. , an argument procedurally defaulted. Because Petitioner did not raise his claim at sentencing or on appeal, he must couch them in terms of the ineffective assistance of counsel. The Supreme Court stated in <u>Bousley v. United States</u>, 523 U.S. 614,

CIVIL 05-1439CCC                                    4

118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998), that where a criminal defendant has procedurally defaulted his claims by failing to raise them on direct review, the claims may be raised in a motion to vacate only if the defendant can demonstrate either cause and actual prejudice or his actual innocence.

A. Legal Standard for Procedural Default

1. "Cause" For Procedural Default

Petitioner essentially argues that "cause" exists based upon the alleged ineffective assistance of his counsel in failing to seek a downward departure due to the conditions of confinement while detained in St. Marteen.  Petitioner's ineffective assistance claim must be evaluated using the familiar two-part test from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 688-94, 104 S.Ct. 2052.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  Id. at 697, 104 S.Ct. 2052.

2. "Prejudice"

The Court finds and concludes that Petitioner has failed to show that he was prejudiced by the "error" he alleges herein.  On the contrary, the Court notes that Petitioner received a substantial benefit from this plea agreement. In exchange for his plea, the government agreed: 1) to dismiss Count I; 2) to a three level adjustment provided that Petitioner accepted responsibility for the offense charged; 3) to a three level adjustment since Petitioner's role in the offense was between a "minor and minimal" participant; and 4) to an additional two level

CIVIL 05-1439CCC                                    5

adjustment should the Petitioner meet all the requirements of the "safety valve". The Court also notes that the Government agreed to recommend a sentence at the lower end of the applicable guideline range. Indeed, Petitioner was sentenced at the lower end, meaning 41 months.

To the contrary, Petitioner has not shown that he was prejudiced because he has failed to argue that there was a reasonable probability that, but for his counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Hence, Petitioner has not fulfilled the "cause" requirement in order to excuse his procedural default.

On the basis of the Court's conclusion that Petitioner has not demonstrated that he was prejudiced by any of the errors of which he complains, the Court further concludes that Petitioner's counsel did not render ineffective assistance in his criminal case. To the contrary, the Court finds that counsel provided competent representation. Thus, unless Petitioner can demonstrate that he is "actually innocent," he cannot show "cause" for his procedural defaults. Petitioner has not shown-nor even alleged-that he is "actually innocent."

B. Petitioner's claim fails on the merits

Even assuming that this claim is not procedurally barred, nonetheless, fails on the merits. In reality, the Court need not linger on the merits of Petitioner's argument that he received ineffective assistance of counsel because it is well established that under no circumstance may a defendant, who has secured the benefits of a plea agreement and knowingly waived the right to seek other adjustments and departures, as Petitioner did in his plea agreement, thereafter challenge the merits of a sentence conforming to the agreement. See, United States v. De-León, 1 F.Supp.2d 108 (D. Puerto Rico 1998). In other words, Petitioner's express waiver in his plea agreement of his right to seek any downward departure furnishes an independent basis for declining to review his sentencing claim in his petition.

Petitioner erroneously relies on United States v. Carty, 264 F.3d 191 (2nd Cir.2001). Indeed, earlier cases that have treated presentence confinement conditions as potential grounds

CIVIL 05-1439CCC                                    6

for downward departures primarily arise from courts in the Second and Third Circuits; the First Circuit has not explicitly addressed the question. In Carty, supra, the Second Circuit held that presentence confinement conditions may, in appropriate cases, be a permissible basis for downward departures. Following this holding, in United States v. Francis, 129 F.Supp.2nd 612 (S.D.N.Y.2001), the district court granted a downward departure for extremely harsh presentence confinement conditions on the basis of an extensive factual record of abuse and mistreatment suffered by the defendant in a non-federal prison. Likewise, in United States v. Sutton, 973 F.Supp. 488 (D.N.J.1997), the district court applied Third Circuit precedent to conclude that a sentencing court is not foreclosed as a matter of law from considering pretrial confinement conditions as a possible basis for departing downward, although it declined to so depart on the facts of the case. Irrespective of the fact that the First Circuit has not addressed this issue, in his plea agreement, Petitioner knowingly agreed not to seek a downward departure from the applicable guideline sentencing range. Therefore, if his attorney had sought a downward departure at sentencing, he would have acted contrary to the terms of Petitioner's plea agreement. Petitioner has not indicated a desire to withdraw his plea. His attorney's failure to act in breach of the plea agreement could scarcely constitute ineffective assistance of counsel in such circumstances.

     A careful review of the entire record has not revealed any meritorious grounds for challenging Petitioner's sentence or guilty plea, let alone that he was entitled to any downward departure.

     In sum, Petitioner pled guilty, and was sentenced based on what he admitted in the plea agreement, at the guideline level agreed upon in the plea agreement. Petitioner Jiménez got what he bargained for, he waived any right to seek a downward departure when he signed the plea agreement, and he has no basis to challenge it now.

CIVIL 05-1439CCC                              7

IV. CONCLUSION

It is ordered that Petitioner Valentín Jiménez' request for habeas relief under 28 U.S.C. §2255 (docket entry 1) is DENIED and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 is DISMISSED WITH PREJUDICE.

SO ORDERED.

In San Juan, Puerto Rico, on December 14, 2006.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge